Exhibit D

Linda Laube, et.al., Plaintiffs v. Michael Haley et.al Defendants

WAS Granted Preliminary-injunctive Relief on their Claim overcrowded And significantly under-staffed.

See Case Next Page;
Defendants failed to provide Plaintiff with this information.

LINDA LAUBE, et al., Plaintiffs, v. MICHAEL HALEY, et al., Defendants.
UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION
234 F Supp 2d 1227234 F. Supp. 2d 1227; 2002 US Dist LEXIS 234652002 U.S. Dist. LEXIS 23465
CIVIL ACTION NO. 02-T-957-N
December 2, 2002, Decided
December 2, 2002, Filed; December 2, 2002, Entered

IV. CONCLUSION
In sum, the court holds that the plaintiffs are entitled to preliminary-injunctive relief on their claim that they are subject to a substantial risk of serious harm caused by Tutwiler's greatly overcrowded and significantly understaffed open dorms. Indeed, the court is not only convinced that these unsafe conditions have resulted in harm, and the threat of harm, to individual inmates in the immediate past, it is also convinced that they are so severe and widespread today that they are essentially a time bomb ready to explode facility-wide at any unexpected moment in the near future. The plaintiffs are not entitled to preliminary-injunctive relief as to Mitchell and Birmingham, nor are they entitled to such relief as to Tutwiler in any other respect. {234 F. Supp. 2d 1253}
The court recognizes that prison officials "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Bell v. Wolfish, 441 U.S. 520, 547-48, 99 S. Ct. 1861, 1878-79, 60 L. Ed. 2d 447 (1979). At this time, therefore, the court will give the defendants the latitude to fashion appropriate injunctive relief. The defendants may want to adopt the simple and direct measure of immediately and significantly increasing the number of security officers for Tutwiler's dorms or to find some way to reduce immediately the dorm populations or to pursue some other immediately effective measure unknown to the court at this time or to adopt some combination of these measures. The defendants are to submit, within four weeks, a plan that redresses immediately and fully the unconstitutionally unsafe conditions caused by overcrowding and understaffing in open dorms at Tutwiler.
An appropriate order and injunction will be issued.
DONE, this the 2nd day of December, 2002.
MYRON H. THOMPSON

UNITED STATES DISTRICT JUDGE
ORDER AND PRELIMINARY INJUNCTION
In accordance with the memorandum opinion entered this date, it is the ORDER, JUDGMENT, and DECREE of the court as follows:
(1) The motion for preliminary injunction, filed by plaintiffs Linda Laube, Theresa Barron, Barbara Bush, Lachrondria Crockett, Marjorie Ewing, Wanda Goodman, Alma Gutierrez, Lisa Hereford, La'toya Jones, Katie Moore, Terri Newby, Barbara Pelzer, April Rice, Kelli Washington, and Melinda Washington on August 19, 2002 (Doc. no. 5),

is granted as to the unconstitutionally unsafe conditions at Julia Tutwiler Prison for Women, as described in the companion memorandum opinion entered today, and the motion is denied as to Edwina Mitchell Work Release Center and Birmingham Work Release Center, and as to Julia Tutwiler Prison for Women in all other respects.
(2) It is PRELIMINARILY DECLARED that the unconstitutionally unsafe conditions, resulting from overcrowded and understaffed open dorms, at Julia Tutwiler Prison for Women violate the Eighth Amendment to the United States Constitution.
(3) Defendants Don Siegelman, Michael Haley, and Gladys Deese are PRELIMINARILY ENJOINED and RESTRAINED from failing to take immediate affirmative steps to redress the unconstitutionally unsafe conditions at Julia Tutwiler Prison for Women.
(4) The defendants are to submit to the court, by December, 30, 2002, a plan that redresses immediately and fully the unconstitutional conditions at Julia Tutwiler Prison for Women.
The clerk of the court is DIRECTED to issue a writ of injunction.
DONE, this the 2nd day of December, 2002.
MYRON H. THOMPSON
UNITED STATES DISTRICT JUDGE

# STRESS

**It is known that stress can kill**

Chronic Stress, defined as on going worries that continues over several months or longer may shorten life expectancy by 15 to 20 years.

According to researchers at the National Institutes of Health.

Stress can affect so many different parts of our bodies, from our muscles and tissues to our blood vessels and organs.

**The heart is an organ.**

Stress can damage almost every part of our body from your brain to your bones, and even take years off your life.

Ester Sternberg, MD Chief of the Section on Neuro Endocrine Immunology and Behavior at the National Institute of Mental Health, in Bethesda, Maryland.

Stress weakens our Immune System, can exacerbate depression and impairs our memory by shrinking a crucial part of our brain perhaps permanently.

**Heart Attack/ Heart Disease is the #1 killer of Women**

# IMMUNITY

Any assertion of Immunity should be denied where as in **1993 Helling V. McKinney**.

**The Supreme Court Rule:**

Officials act with Deliberate Indifference if they knowingly expose an inmate to levels of second-hand smoke (tobacco) "that pose an unreasonable risk of serious damage to his future health."